UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-027 |
| KENDRICK DAVID WILKERSON | SECTION "B"(3) |

## ORDER

Considering the Defendant's Motion to Reconsider Ruling (Rec. Doc. No. 57) and the Government's Opposition thereto (Rec. Doc. No. 58),

**IT IS ORDERED** that the defendant's Motion is **DENIED**. Controlling Fifth Circuit precedent, allowing introduction of incriminating evidence seized from a search of an arrestee's cell phone in his direct possession within a short time period subsequent to a valid arrest, would still be applicable and distinguishable from City of Ontario, Cal. v. Quon 130 S.Ct. 2619 (2010). *See*, U.S. v. Finley, 477 F.3d 250 (5th Cir. 2007); *also compare* U.S. v. Gomez, 2011 WL 3841071 (S.D.Fla. 2011) and U.S. v. Park, 2007 WL 1521573 (N.D. Cal. 2007) (unpublished opinion) (Latter case rejecting the Finley decision, supra).

While the rationale in Park, and followed by decisions in Schlossberg v. Solesbee, 2012 WL 141741 (D.Or. 2012) and State v. Smith, 920 N.E.2d 949 (Ohio, 2009), give compelling reasons to find a Fourth Amendment violation relative to the cell phone search here, those authorities are only persuasive precedent and, notwithstanding our own views on the subject, they do not overturn

the noted controlling precedent in <u>Finley</u> by this Circuit.[1]

New Orleans, Louisiana, this 23rd day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Compare also the majority and consenting opinions in <u>U.S. v. Jones</u>, 565 U.S. ___, 2012 WL 171117 (Jan. 23, 2012) (No. 10-1259), where a unanimous Supreme Court held that the Government's attachment of a GPS device to a vehicle, and its use of that device to monitor the vehicle's movement constituted a search under the Fourth Amendment. The competing rationales between the majority opinion and the concurring ones could be insightful to the direction the Court might lead us in the light of technological advancements and privacy concerns--as already noted in earlier decisions in another, albeit non-criminal law context, such as the <u>Quon</u> employment law case. We acknowledge distinguishing facts here from the factual framework in <u>Quon</u> and <u>Jones</u>; however, we suspect the Fourth Amendment analysis offered in those opinions as well as the noted lower court decisions offers ripe territory for future review of cell phone/PDA searches that occur incident to an arrest.